**Tei Yan SUN; Yeh Wah Sun, Individually and as Personal Representatives of Peter Sun, deceased; Philipe Sun, Plaintiffs–Appellants,**

v.

**TAIPEI ECONOMIC and Cultural Representative Office in the U.S., aka Coordination Council for Northern American Affairs; Overseas Chinese**

Affairs Commission; The Governmental Authorities on Taiwan, aka Republic of China, aka Taiwan, Defendants–Appellees.

No. 01–15446.

D.C. No. CV–94–02769–SI.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2002.

Decided March 20, 2002.

Before REINHARDT and FISHER, Circuit Judges, and MOLLOY,* District Judge.

MEMORANDUM **

Tei Yan, Yeh Wah and Philipe Sun appeal the district court's dismissal of their wrongful death action against Taiwan and Taiwanese agencies for lack of subject matter jurisdiction under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1330, 1602 et seq. (FSIA). The Suns' action stems from their son's and brother's tragic drowning during a swimming activity on a Taiwanese cultural study tour sponsored by the Taiwanese government.

The existence of subject matter jurisdiction under the FSIA is a question of law reviewed de novo. *See Corzo v. Banco Cent. de Reserva del Peru*, 243 F.3d 519, 522 (9th Cir.2001). We review the district court's findings of fact relevant to its determination of subject matter jurisdiction for clear error. *See Schoenberg v. Exportadora de Sal, S.A. de C.V.*, 930 F.2d 777, 779 (9th Cir.1991). A district court may look at whatever evidence has been submitted to determine whether subject matter jurisdiction exists. *Adler v. Federal Republic of Nigeria*, 107 F.3d 720, 728 (9th Cir.1997). "The district court should con-

* Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

sider all evidence before it in resolving the immunity issue." *Id.*

Under the FSIA, a foreign state and its agents and instrumentalities are immune from the jurisdiction of courts in the United States unless one of several statutory exceptions applies. 28 U.S.C. § 1604. The Suns argue that Taiwan is not immune from suit because its actions fall under the commercial activity exception. 28 U.S.C. § 1605(a)(2).

We previously have concluded in this case that Taiwan's conduct in operating the tour was a "commercial activity" under the FSIA. *See Sun v. Taiwan,* 201 F.3d 1105, 1108 (9th Cir.2000). However, for the district court to have subject matter jurisdiction under the exception, there must be some nexus between the Suns' action and the commercial activity carried on in the United States. *Id.* at 1109. "The commercial activity relied upon ... to establish jurisdiction must be the activity upon which the lawsuit is based. The focus must be solely upon those specific acts that form the basis of the suit." *Id.* (quoting *America West Airlines, Inc. v. GPA Group, Ltd.,* 877 F.2d 793, 796 (9th Cir.1989)).

The Suns argue that Taiwan breached an affirmative duty to exercise reasonable care in organizing the tour by failing to disclose to the Suns in the United States that Little Bay Beach was not an established swimming beach, life guards and lifesaving equipment were not present at the beach and the beach was dangerous because it was exposed to severe undertow, high waves and surf. Little Bay Beach was operated by the Ken Ting National Park Management Division as part of the larger Ken Ting National Park. The evidence establishes that the beach contained designated swimming areas for the public. The Suns presented evidence, in the form of affidavits and a declaration of tour participants, that no life guards entered the water to save the drowning student and any life guards present were not conspicuous. As the district court found, however, this evidence at most merely raises questions about the adequacy of the life guards' services and does not establish that no lifeguards were present. Taiwan submitted evidence of the presence of a police officer assigned to supervise the safety of the swimming activity, several life guards, and several tour staff members who helped supervise the activity. The Suns presented the affidavit of a previous year's tour participant who indicated that the swimming conditions at the beach were dangerous on the day of her year's activity. Although this evidence may establish that the conditions were dangerous on that particular day, it is not evidence that the swimming conditions at the beach inherently were unusually dangerous or even that they were dangerous on the day the student drowned.

Given this record, we conclude that the district court did not err in finding a lack of subject matter jurisdiction under the FSIA. Accordingly, we affirm the district court's dismissal of the Suns' action.

AFFIRMED.